UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIANQIAO LU,

                Plaintiff,

-against-

GEORGE HERMANS, SULAHUDDEEN AZIM, WESTCHESTER COUNTY,

                Defendants.

24-CV-1023 (LTS)

ORDER DIRECTING ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se*. Plaintiff submitted the complaint, the *in forma pauperis* ("IFP") application, and the prisoner authorization without a signature on the three documents.[1] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

      Plaintiff is directed to resubmit the signature page of the complaint, the IFP application, and the prisoner authorization with Plaintiff's handwritten signature to the Court within thirty days of the date of this order. A copy of the signature page for each document is attached to this order.

---

[1] Plaintiff included an s-signature ("/s/") on all three documents. The Court permits this form of signature where documents are filed electronically by the filer. *See* Rule 8.2 of the ECF Rules & Instructions ("In the absence of a scanned signature image, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "/S/" typed in the space where the signature would otherwise appear."). Because Plaintiff did not file his documents electronically, this Rule does not apply.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 14, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge