```
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
```
JIANQIAO LU,

                              Plaintiff,

-against-

GEORGE HERMANS, SULAHUDDEEN AZIM, and
WESTCHESTER COUNTY,

                              Defendants.
```
-------------------------------------------------------------------x
```

**NOTICE TO *PRO SE* LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADING**

24-cv-01023 (NSR)

Defendants, George Hermans, Sulahuddeen Azim, and Westchester County (hereinafter, collectively referred to as "County Defendants"), have moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and has submitted additional written materials. This means that County Defendants have asked the Court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits as required by Rule 56(c) and/or other documents. The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

      In short, Rule 56 provides that you may NOT oppose ADA O'Donnell's motion simply by relying upon the allegation in your Complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by County Defendants and raising specific facts that support your claim(s). If you have proof of your claim(s), now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may

submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion. If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by County Defendants, the Court may accept County Defendants' facts as true. Your case may be dismissed and judgment may be entered in County Defendants' favor without a trial.

If you have any questions, you may direct them to the *Pro Se* office.

| | |
|---|---|
| Executed on June 10, 2024<br>White Plains, New York | **JOHN M. NONNA**<br>Westchester County Attorney<br>*Counsel for County Defendants*<br><br>*Robert Taglia*<br>By:  Robert P. Taglia<br>Assistant County Attorney<br>148 Martine Avenue, Suite 600<br>White Plains, New York 10601<br>(914) 995-5103<br>rbta@westchestercountyny.gov |

To:  **Jianqiao Lu**
*Pro se* Plaintiff
WCDOC
PO Box 10
Valhalla, NY 10595-0010

## Rule 56. Summary Judgment

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.