USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIANQIAO LU,

                    Plaintiff,

-against-

GEORGE HERMANS, SULAHUDDEN AZIM, and
WETSHCESTER COUNTY,

                    Defendants.

No. 24-cv-1023 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Pending before the Court is *pro se* Plaintiff Jianqiao Lu's motion for reconsideration dated November 19, 2024. (ECF No. 30, "Pl. Mot.") Plaintiff seeks the Court to reconsider its November 7, 2024 Opinion & Order dismissing Plaintiff's First Amendment retaliation claims against Defendants George Hermans and Sulahuddeen Azim.[1] (ECF No. 29, "Order.") Plaintiff specifically requests the Court to (1) clarify its position on the "checkmate doctrine"; (2) consider intervening caselaw; and (3) revisit arguments made in the parties' motion to dismiss papers.[2] (Pl. Mot. at 2, 4; ECF No. 38.)

For the reasons discussed below, the Court does not find Plaintiff's arguments persuasive and DENIES his motion for reconsideration.

## DISCUSSION

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Dimps v. New York State Dep't*

---
[1] Plaintiff voluntarily withdraws his *Monell* claims against Defendant Westchester County. (Pl. Mot. at 2.) The Court therefore dismisses all claims asserted against Defendant Westchester County with prejudice.
[2] After filing his motion papers, Plaintiff also submitted a letter dated March 6, 2025, informing the Court of recently published judicial decisions that "may be instructive in deciding [his] motion for reconsideration." (ECF No. 38.)

1

*of Corr. & Cmty. Supervision*, 2025 WL 2237408, at *1 (S.D.N.Y. Aug. 6, 2025). "Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011).

I. **Clarification of the Checkmate Doctrine**

Plaintiff first requests that the Court clarify its position on the checkmate doctrine. (Pl. Mot. at 2.) This Court held that Plaintiff's First Amendment retaliation claims failed, in part, because of the contradictory allegations in his Complaint. For instance, Plaintiff alleged that Westchester County Department of Corrections personnel discovered contraband in his cell pursuant to a search. (Order at 3.) Plaintiff then proceeded to allege the discovery of contraband was fabricated yet admitted to possessing impermissible material in his cell. (*Id.*) The Court therefore determined that "when an inmate freely admits to or fails to challenge the veracity of allegations contained in a misbehavior report[], and is afforded a hearing and an appeal process, such misbehavior can no longer serve as a basis for a retaliatory claim." (*Id.* at 9; *Bey v. Eggleton*, 1998 WL 118158, at *5 (S.D.N.Y. Mar. 17, 1998)).

According to Plaintiff, the Court's ruling neither adopts nor endorses the majority view of the checkmate doctrine. (Pl. Mot. at 2–3.) Under the checkmate doctrine, the presence of "some evidence" that a prisoner engaged in the alleged misconduct "essentially checkmates his retaliation claim." *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994); *see also Watson v. Rozum*, 834 F.3d 417, 426 (2016) (same); *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018) (same). Despite Plaintiff citing to several judicial decisions rejecting the checkmate doctrine, those cases are "from outside the Second Circuit and therefore not 'controlling' on this Court." *United States v. Valles*,

2024 WL 1433708, at *3 (S.D.N.Y. Apr. 3, 2024). The Second Circuit has also adopted the checkmate doctrine. *See, e.g.*, *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) ("The burden then shifts to the defendant to show that the plaintiff would have received the same punishment even absent the retaliatory motivation. The defendant can meet this burden by demonstrating that there is no dispute that the plaintiff 'committed the most serious, if not all, of the prohibited conduct charged in the misbehavior report.'"); *Salvatierra v. Connolly*, 2012 WL 996944, at *13 (S.D.N.Y. Feb. 29, 2012), *report and recommendation adopted*, 2012 WL 1003562 (S.D.N.Y. Mar. 26, 2012) (same); *Holland v. Goord*, 758 F.3d 215, 226 (2d Cir. 2014) (same). Indeed, the Court's Order dismissing Plaintiff's First Amendment retaliation claims relied on precedent from this district. (Order at 9; *Bey*, 1998 WL 118158, at *5).

Given that the Court applied appropriate precedent from the Second Circuit, the Court denies reinstating Plaintiff's First Amendment retaliation claims.

## II. Intervening Change in Controlling Law

Plaintiff next argues that recently published judicial decisions "may be instructive in deciding [his] motion for reconsideration." (ECF No. 38.)

Plaintiff first identifies *Walker v. Senecal*, a recent Second Circuit decision acknowledging that "precedent allows a combination of seemingly minor incidents to form the basis of a constitutional retaliation claim once they reach a critical mass." (ECF No. 38; 130 F.4th 291, 296 (2d Cir. 2025)). The *Walker* court nevertheless affirmed the district court's rejection of plaintiff's *de minimis* allegations. 130 F.4th at 302. The *Walker* court only found that the "district court erred by not considering [plaintiff's] allegations about [an] attack by two officers in conjunction with [defendant's] threat" when analyzing the plaintiff's retaliation claims. *Id*. at 301. Such facts are readily distinguishable from the instant action because Plaintiff was never attacked by Defendants.

Plaintiff also informs the Court that one of its recent decisions was reversed for "adopting an unduly narrow interpretation of what constitutes adverse action in a prisoner retaliation claim." (ECF No. 38.) Specifically, the Second Circuit in *Brandon v. Alam* vacated this Court's ruling, holding that a defendant's refusal to issue plaintiff a shower pass—which allegedly worsened plaintiff's medical condition—resulted in harm beyond the *de minimis* threshold. 2024 WL 2764431, at *2 (2d Cir. May 30, 2024). The *Brandon* court also determined that plaintiff adduced sufficient evidence to create a genuine dispute of material fact as to causation. *Id*. Such facts are again readily distinguishable from the instant action at hand. Plaintiff's claims do not involve Defendants allegedly denying him necessary medical treatment. Moreover, Plaintiff's causation allegations that Defendants embarked on a smear campaign were dismissed because they were conclusory and could not support a defamation claim. (Order at 9.)

Consequently, the Court cannot conclude that there was an intervening change in controlling law that would justify granting Plaintiff's motion for reconsideration.

**III.    Need to Correct a Clear Error or Prevent Manifest Injustice**

Finally, Plaintiff argues that the Court did "not even read [his] letter-brief opposing the motion to dismiss" because the Court did not rely on Plaintiff's cited caselaw. (ECF No. 34, "Pl. Reply," at 2.) Particularly, Plaintiff argues that the Court ignores his reliance on *Kotler v. Boley*, 2022 WL 4589678, at *1 (2d Cir. Sept. 30, 2022). (*Id*.) As an initial matter, Plaintiff can be assured that the Court reviewed his April 22, 2024 letter in its entirety. (ECF No. 18.) Plaintiff's letter, however, was not a letter-brief opposing Defendants' motion to dismiss. It was merely a response to Defendants' letter motion requesting a conference concerning its anticipated motion to dismiss. (*Id*.) A review of the docket confirms that Plaintiff "waive[d] any further response" to Defendants' motion to dismiss. (ECF No. 21.) Nevertheless, "[a] motion for reconsideration is not an

appropriate tool to rehash [previously made] argument[s]." *Noel v. City of New York*, 2023 WL 8850070, at *2 (S.D.N.Y. Dec. 21, 2023); *see also Abadi v. NYU Langone Health Sys.*, 714 F. Supp. 3d 387, 393 (S.D.N.Y. 2024) (denying motion for reconsideration because "[t]his ground for reconsideration essentially rehashes arguments that were rejected by the Court in its earlier decision"); *Tripathy v. Schneider*, 2025 WL 79861, at *2 (W.D.N.Y. Jan. 13, 2025) (denying motion for reconsideration "[b]ecause [plaintiff's] arguments for reconsideration are a rehash of arguments he already raised—or could have raised—in opposition to Defendants' [motion]").

Notwithstanding Plaintiff's inappropriate arguments, his reliance on *Kotler* does not warrant the reconsideration of his case. The cell search in *Kotler* was followed by "a false report—based on contraband that allegedly would not have ordinarily resulted in discipline—and false testimony at [the plaintiff's] hearing." *Kotler*, 2022 WL 4589678, at *2. The *Kotler* plaintiff was then punished with several months of disciplinary confinement. *Id*. While Plaintiff alleged that the contraband in the instant action was never previously confiscated, he ultimately conceded to possessing impermissible material in his cell. Order at 9. Plaintiff's conflicting allegations, however, do not sufficiently plead that Defendants submitted false statements or reports during Plaintiff's hearing. *Id*. Nor was Plaintiff subject to several months of disciplinary confinement. *Id*. Plaintiff's argument is also weakened because he admits that the night before he filed his first grievance that his cell was searched "per departmental policy and procedure" and that this would be performed daily. *Id*. at 2. This search would have occurred before any alleged retaliatory action.[3] *Id*. at 3.

---

[3] Plaintiff also ignores that his First Amendment retaliation claims were dismissed because they were largely conclusory. For instance, Plaintiff alleged that "on information and belief" Defendant Hermans ordered that Plaintiff's cell be searched, "on information and belief" Defendant Hermans ordered his subordinates to fabricate the contraband and to create a misbehavior report, "Captain Azim was predisposed to retaliating against grievance filers due to his [alleged] conflicting responsibilities," "Captain Azim was incentivized to prevent meritorious inmate complaints from reaching NYSCOC, and Captain Azim's competing interest resulted in a vicious cycle of retaliation [that] discouraged residents from exercising their First Amendment." Order at 7.

5

As a result, the Court determines that Plaintiff has failed to show that there exists a clear error or manifest injustice that would be remedied by granting his motion for reconsideration.

## CONCLUSION

Plaintiff fails to satisfy any of the three avenues through which a party can successfully argue a motion for reconsideration. The Court therefore DENIES Plaintiff's motion for reconsideration without prejudice. Given that Plaintiff voluntarily withdraws his *Monell* claims, the Court dismisses all claims against Defendant Westchester County with prejudice. The Clerk of Court is kindly directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF and to show service on the docket. The Clerk of Court is also kindly directed to terminate the motion.

SO ORDERED.

Dated: November 25, 2025
      White Plains, NY

Nelson S. Román, U.S.D.J.